IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JUAN ANTONIO CORNEJO,<br>TDCJ No. 2030770,<br>  Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN,<br>Director, Texas Department of<br>Criminal Justice, Correctional<br>Institutions Division,<br>  Respondent. | §§§§§§§§§§§ | EP-21-CV-147-DCG |

## MEMORANDUM OPINION AND ORDER

Petitioner Juan Antonio Cornejo challenges Respondent Bobby Lumpkin's custody of him through a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet'r's Pet., ECF No. 3. His petition is denied as time barred.

### BACKGROUND AND PROCEDURAL HISTORY

The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and venue is appropriate because Cornejo was convicted and sentenced in the 34th Judicial District Court of El Paso County, Texas. Id. at p. 2; see 28 U.S.C. § 2254(a); 28 U.S.C. § 124(d)(3); Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).

Cornejo was found guilty of capital murder for his role in in the shooting deaths of Luis Fierro and Roberto Renteria. J. of Conviction by Jury (Cornejo v. State, No. 2012D05090 (34th District Court of El Paso Cnty., Tex., Feb. 2, 2015)), pp. 134–35, ECF No. 13-18. He was sentenced to life in prison. Id. at p. 134. His conviction was affirmed by the Eighth Court of Appeals. J. (Cornejo v. State, No. 08-15-00039-CR (Tex. App.—El Paso May 4, 2018, no pet.)), p. 1, ECF No. 13-23. He submitted a state application for a writ of habeas corpus. State Writ (Ex parte Cornejo, WR-91,882-01 (Tex. Crim. App. Oct. 2, 2020)), pp. 13–28, ECF No. 13-

42. He alleged (1) the prosecutor engaged in misconduct, (2) his trial counsel provided ineffective assistance, (3) he was denied his rights under the confrontation clause and the trial court permitted the introduction of hearsay testimony, (4) the trial judge abused his discretion, and (5) he was denied his due process rights. Id. at pp. 18–27. His state writ application was denied by the Court of Criminal Appeals without written order on the findings of the trial court. Action Taken (Ex parte Cornejo, WR-91,882-01 (Tex. Crim. App. Dec. 16, 2020)), p. 1, ECF No. 13-29.

Cornejo now asserts four broad grounds for federal habeas relief. Pet'r's Pet., pp. 6–7. First, he claims the trial court erred when it (1) allowed a co-defendant's wife to testify on what her husband told her about the murders, (2) refused to permit his attorney to cross-examine the co-defendant's out-of-court statement, and (3) failed to give a limiting instruction on the co-defendant's out-of-court statement. Id. at p. 6. Second, he alleges the prosecution engaged in misconduct when it presented the "false testimony" of Irma Lara, who claimed a co-defendant told her that Cornejo held one of the victims down while the co-defendant shot him, and Cornejo then killed the other victim. Id. Third, he maintains his counsel provided ineffective assistance when he failed to (1) object to the "false testimony" of Irma Lara, (2) subpoena Cornejo's cell phone records to prove his innocence, and (3) subpoena witnesses to rebut the testimony of a "drunk" witness. Id. at p. 7. Finally, he asserts the trial judge abused his discretion when he (1) denied his motion for a directed verdict, (2) permitted a "drunk" witness to testify after he denied his motion to suppress an eyewitness lineup, (3) permitted the introduction of hearsay evidence without cross-examination, (4) failed to give a limiting instruction on a co-defendant's out-of-court statement, and (5) allowed the introduction of hearsay testimony by the wife of a

victim. Id. He asks the Court for an evidentiary hearing on his issues. Id. He also asks the Court to find "the State knowingly used false testimony [which] influenced the jury's decision in finding [him] guilty." Id.

## TIMELINESS

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides that claims under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four possible events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id. §§ 2244(d)(1)(A)-(D).

The limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . [including] the time limits upon its delivery." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (emphasis in original).

The limitations period is not jurisdictional and is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'" Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir. 2002) (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996)). It is

justified only "'in rare and exceptional circumstances.'" Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Such circumstances include situations where a petitioner is actively misled by the respondent, "'or is prevented in some extraordinary way from asserting his rights.'" Id. (quoting Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)). However, "'[e]quity is not intended for those who sleep on their rights.'" Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999) (quoting Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989)). Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'" Id. at 715 n.14 (quoting Pacheco v. Rice, 966 F.2d 904, 906–07 (5th Cir. 1992)).

The petitioner has the burden of proving his entitlement to equitable tolling. Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (5th Cir. 2000). To satisfy his burden, he must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" of timely filing his § 2254 motion. Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

## ANALYSIS

As an initial matter, Cornejo does not suggest an unconstitutional "State action" prevented him from filing for federal relief. 28 U.S.C. § 2244(d)(1)(B); Pet'r's Pet., p. 9. Further, his claims do not concern a constitutional right recently recognized by the Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Finally, his claims were clearly discoverable, through the exercise of due diligence, well within a year

4

after his conviction became final. Id. § 2244(d)(1)(D). Thus, Cornejo's limitations period began to run when his judgment of conviction became final. Id. § 2244(d)(1)(A).

Cornejo was found guilty on January 9, 2015. Pet'r's Pet., p. 2. His conviction was affirmed by the Eighth Court on May 4, 2018. Id. at p. 3. He did not file a petition for discretionary review. Id. So, his judgment became final on June 4, 2018 when his time for filing a petition for discretionary review expired.[1] Broussard v. Thaler, 414 Fed. App'x 686, 687 (5th Cir. 2011); Tex. Code Crim. Proc. Ann. art. 44.45(b)(2) (West) (allowing 30 days to file a petition for discretionary review with the Texas Court of Criminal Appeals). Therefore, his limitations period expired one year later, on June 4, 2019. He constructively filed his federal petition on June 15, 2021, the day he signed it and presumably placed it in the prison mail system. United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000) (citing Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998)). As a result, he submitted his federal petition approximately two years beyond the AEDPA deadline.

Cornejo filed a state application for a writ of habeas corpus no earlier than September 21, 2020, the date he signed it. State Writ (Ex parte Cornejo, WR-91,882-01 (Tex. Crim. App. Oct. 2, 2020)), p. 28, ECF No. 13-42. Since he filed it long after the expiration of the AEDPA limitations period, it cannot toll the limitations period. Palacios v. Stephens, 723 F.3d 600, 604 (5th Cir. 2013).

Cornejo maintains the one-year statute of limitation does not bar his petition because he had "very limited access to the law library" due to COVID-19. Pet'r's Pet., p. 9. But he

---

[1] The actual date fell on Sunday, June 3, 2018, but Rule 4.1 of the Texas Rules of Appellate Procedure pushed it forward to Monday, June 4, 2018.

5

would likely agree that "COVID-19 measures have been in effect since March 2020." Ramos v. Lumpkin, SA-20-CA-01448-FB, 2021 WL 3410314, at *4 (W.D. Tex. Aug. 4, 2021). As a result, his argument regarding intermittent library access due to COVID-19 does little to explain his delay in filing both his state and federal petitions after the AEDPA deadline had passed.

Furthermore, "placement in administrative segregation or solitary confinement is generally not grounds for equitable tolling." Madis v. Edwards, 347 F. App'x 106, 108 (5th Cir. 2009) (citing Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998) (holding limited library access to federal statutes and Colorado case law was insufficient to establish extraordinary circumstances warranting equitable tolling); Schaefer v. Stack, 641 F.2d 227, 228 (5th Cir. 1981) (holding under Florida law that imprisonment, even solitary confinement without adequate access to a law library, does not toll statute of limitations)). And "the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the . . . statute of limitations." United States v. Petty, 530 F.3d 361, 366 (5th Cir. 2008). "It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (citing Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)).

Cornejo's explanation for his delay in filing his federal petition is insufficient to support a conclusion that he is entitled to equitable tolling. Moreover, on the record in this case, Cornejo falls far short of exhibiting reasonable diligence in challenging his sentence and pursuing his claims. Equity simply does not call for tolling on the facts in Cornejo's case.

The Court finds that Cornejo has not met his burden of showing "(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing of a § 2255 motion. Lawrence, 549 U.S. at 336. It also finds that Cornejo's petition is time barred and that he is not entitled to equitable tolling.

## EVIDENTIARY HEARING

A federal court's review of claims previously adjudicated on the merits by a state court "is limited to the record that was before the state court." Cullen v. Pinholster, 563 U.S. 170, 185–86 (2011); Blue v. Thaler, 665 F.3d 647, 656 (5th Cir. 2011). A federal court will hold an evidentiary hearing on claims not developed in State court proceedings only if the petitioner shows that (1) a claim relies on a new, retroactive rule of constitutional law that was previously unavailable, (2) a claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, or (3) the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable juror would have convicted the petitioner. 28 U.S.C. § 2254(e)(2).

Cornejo's petition asserts multiple claims already addressed—and rejected—by the state courts. See Opinion (Cornejo v. State, No. 08-15-00039-CR (Tex. App.—El Paso May 4, 2018, no pet.)), pp. 1–11, ECF No. 13-25; State Writ (Ex parte Cornejo, WR-91,882-01 (Tex. Crim. App. Oct. 2, 2020)), pp. 13–28, ECF No. 13-42; Findings of Fact (Ex parte Cornejo, No. 2012D05090 (34th District Court of El Paso Cnty., Tex., Nov. 19, 2020)), pp. 17–22, ECF No. 13-39; Action Taken (Ex parte Cornejo, WR-91,882-01 (Tex. Crim. App. Dec. 16, 2020)), p. 1, ECF No. 13-29. He does not now rely on a new rule of constitutional law or new evidence. He is not entitled to an evidentiary hearing.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability "may issue . . . only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Gonzalez v. Thaler, 132 S. Ct. 641, 646 (2012). In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Cornejo's claims are clearly time barred and he is not entitled to equitable tolling. Thus, reasonable jurists could not debate the denial of Cornejo's petition for procedural reasons—or find that his issues deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Therefore, the Court shall not issue a certificate of appealability.

## CONCLUSIONS AND ORDERS

The Court concludes that Cornejo's petition is time barred, Cornejo is not entitled to equitable tolling, and it need not address the merits of Cornejo's claims. The Court further concludes that Cornejo is not entitled to a certificate of appealability. The Court, therefore, enters the following orders:

**IT IS ORDERED** that Cornejo's request for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED** that Cornejo's pro se "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" (ECF No. 3) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Cornejo is **DENIED** a certificate of appealability.

IT IS FURTHER ORDERED that all pending motions are **DENIED**.

IT IS FINALLY ORDERED that the District Clerk shall **CLOSE** this case.

SIGNED this 13th day of September 2021.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE